ELECTRONICALLY FILED - 2025 Mar 20 4:15 PM - YORK - COMMON PLEAS - CASE#2025CP4601184

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | SIXTEENTH JUDICIAL CIRCUIT |
| COUNTY OF YORK | ) | |
| | ) | |
| Taylor Roux and Justin Kropp, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | **SUMMONS** |
| | ) | Case No. 25-CP-46-_____ |
| Progressive Direct Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

TO: THE DEFENDANT, PROGRESSIVE DIRECT INSURANCE COMPANY:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their offices at 414 East Main Street, Rock Hill, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Court will render judgment of default against you for all the relief demanded in the Complaint.

    s/Charles B. Burnette_____
Charles B. Burnette, IV
**BURNETTE & PAYNE, P.A.**
414 E. Main Street
Rock Hill, SC  29730
Telephone: (803) 328-1800
Fax: (803) 328-9494

ATTORNEY FOR PLAINTIFFS

Rock Hill, South Carolina
March 19, 2025

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | SIXTEENTH JUDICIAL CIRCUIT |
| COUNTY OF YORK | ) | |
| | ) | |
| Taylor Roux and Justin Kropp, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | **COMPLAINT** |
| | ) | Case No. 25-CP-46-_____ |
| Progressive Direct Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiffs Taylor Roux and Justin Kropp, complaining of the Defendant Progressive Direct Insurance Company, would respectfully allege:

1. Plaintiffs were an insureds of Progressive Direct Insurance Company and are residents of York County, South Carolina.

2. The Defendant Progressive Direct Insurance Company (hereinafter "Progressive"), is an insurance company doing business in York County, South Carolina and issues Travel Trailer policies in York County, South Carolina.

3. The predominant acts giving rise to this action occurred in York County, South Carolina.

**STATEMENT OF FACTS**

4. On September 25, 2024, Plaintiffs purchased a Travel Trailer Policy for Plaintiffs' 2023 Jayco North Point Fifth Wheel (Vin #: 1UJCDOBVXPILM0173) from Defendant Progressive. The policy provided coverage for the trailer in the event of a total loss. It was purchased over the telephone through a Progressive representative that collected information

from the Plaintiffs and then proceeded to issue the policy. The took place at 10:53 am and call lasted 36 minutes.

5. On or around September 28, 2024, Plaintiffs filed a total loss claim for damage to the travel trailer that occurred in Dunedin, Florida.

6. Progressive proceeded to deny the claim and cancel the policy on or around October 14, 2024, based on allegations that Plaintiffs made false representations, stating "the vehicle's garaging address was not accurate." Progressive alleged that false information was entered through the online application. Despite sending this cancellation notice, Progressive then proceeded to charge an additional premium to Plaintiffs.

7. Plaintiffs did not apply for the policy online, but through the telephone representative and did not misrepresent any facts regarding the location of the travel trailer.

8. To help resolve this issue, Plaintiffs requested a copy from Progressive of the recording of the September 25, 2024 phone call that was made to the Progressive representative. Progressive has admitted that it has the recording, but refuses to provide it to Plaintiffs.

9. Plaintiffs have suffered a total loss of the travel trailer, valued in excess of $90,000.00, as well as personal property damage and other incidental damages due to Progressive's denial of its claim and refusal to provide material information to its investigation.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

10. The allegations of Paragraphs 1 through 9 are incorporated herein and made a part of this cause of action in all aspects not inconsistent herewith.

11. The Insureds entered into a binding insurance policy contract with the Defendant. The policy provided that the travel trailer would be covered in the event of a loss.

12. Defendant denied Plaintiffs' claim based on allegations that relate to information that can easily be verified through the recorded phone call, but refuses to produce the phone call nor consider the readily available information that is material to its investigation.

13. The Defendant proceeded to collect premiums, even after alleging that misrepresentations were made and canceling the policy.

14. Under SC Code Ann. § 38-63-220(j), "acceptance of all or any part of a premium more than thirty days in arrears by the agent or company without requiring reinstatement application continues the policy in force without any lapse of coverage."

15. Defendant's denial of coverage and unlawful termination of the policy constitutes a breach of Defendant's obligations under the policy.

16. Plaintiffs have suffered financial damages due to the Defendant's unlawful withholding of the proceeds owed to Plaintiffs.

## SECOND CAUSE OF ACTION
## IMPROPER CLAIM PRACTICES AND BAD FAITH

17. The allegations of Paragraphs 1 through 16 are incorporated herein and made a part of this cause of action in all aspects not inconsistent herewith.

18. Defendant knowingly misrepresented to Insureds and Plaintiffs pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages.

19. Defendant failed to acknowledge with reasonable promptness pertinent communications with respect to claim arising under its policies.

20. Defendant failed to adopt and implement reasonable standards for the prompt investigation and settlement of claim arising under its policies.

ELECTRONICALLY FILED - 2025 Mar 20 4:15 PM - YORK - COMMON PLEAS - CASE#2025CP4601184

21. Defendant compelled policyholder and claimant, including third-party claimant to institute suit to recover amounts reasonably due or payable with respect to a claim arising under its policy.

22. Defendant invoked policy defenses, not in good faith for the primary purpose of discouraging or reducing a claim.

23. Defendant engaged in practices which constitute an unreasonable delay in paying or an unreasonable failure to pay or settle in full claims arising under coverages provided by its policies.

24. As a result of Defendants' acts, Plaintiffs have suffered financial damages and is entitled to attorneys' fees and incidental damages.

WHEREFORE, Plaintiffs pray that:

a. Plaintiffs be awarded damages against the Defendant for the Defendant's breach of contract;

b. Plaintiffs be awarded punitive damages against the Defendant;

c. Attorneys' fees and court costs be awarded to the Plaintiffs; and

d. Such other relief as the Court deems just and proper.

      __s/Charles B. Burnette_____
      Charles B. Burnette IV
      Bar No.: 103747
      BURNETTELAW, LLC

ELECTRONICALLY FILED - 2025 Mar 20 4:15 PM - YORK - COMMON PLEAS - CASE#2025CP4601184

414 E. Main Street  
Rock Hill, SC 29730  
Ph.: (803) 328-1800  
Fax: (803) 328-9494  
bburnette@burnettelaw.net  
Attorney for Plaintiffs

Rock Hill, South Carolina  
March 19, 2025

ELECTRONICALLY FILED - 2025 Mar 20 4:15 PM - YORK - COMMON PLEAS - CASE#2025CP4601184